Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
LAFACE RECORDS LLC; UMG
RECORDINGS, INC.; and SONY BMG
MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LAFACE RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>      Plaintiffs,<br><br> v.<br><br>JOHN DOE #5,<br>      Defendant. | CASE NO. 3:07-CV-04839-EMC<br><br>**Honorable Edward M. Chen**<br><br>*EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for January 23, 2008, at 1:30 p.m. to April 23, 2008. Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, the parties have reached a provisional settlement in this case, and Plaintiffs have not yet received a response to the early discovery authorized by this Court to determine the true identity of the Doe defendant. In support of their request, Plaintiffs state as follows:

1. The initial case management conference is set for January 23, 2008, at 1:30 p.m. The Court, acting of its own accord, previously rescheduled the case management conference from the originally scheduled date of December 26, 2007. The current deadline for service of process is January 18, 2008.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #5 ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, Santa Clara University.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on November 20, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena. Plaintiffs thereafter granted the ISP an extension of time to respond to Plaintiffs' subpoena. To date the ISP has not supplied the subpoenaed information, but Plaintiffs expect a response from the ISP on February 8, 2008.

1

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 3:07-cv-04839-EMC
#34836 v1

5.  However, after being notified by the ISP of Plaintiffs' subpoena, Defendant contacted Plaintiffs, and the parties have reached a provisional settlement. The parties are now in the process of finalizing the settlement.

6.  Given the circumstances of this case, a case management conference is unnecessary at this time, and Plaintiffs respectfully request that the case management conference be continued to April 23, 2008. Plaintiffs also request an additional 90 days to effectuate service so that, in the event the settlement fails, Plaintiffs will have time to receive discovery from the ISP, file an amended complaint naming Defendant individually, and serve Defendant with the summons and complaint.

7.  Plaintiffs submit that filing their *Ex Parte* Application for Leave to Take Immediate Discovery demonstrates "good cause" under Rule 4 for an extension of time for service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to seek the identity of Defendant through the subpoena to the ISP, a process that is not yet complete. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

8.  Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

9.  Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 14, 2008                                HOLME ROBERTS & OWEN LLP


By:  _____*/s/ Matthew Franklin Jaksa*_
     MATTHEW FRANKLIN JAKSA
     Attorney for Plaintiffs
     LAFACE RECORDS LLC; UMG
     RECORDINGS, INC.; and SONY BMG
     MUSIC ENTERTAINMENT

2

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for January 23, 2008, at 1:30 p.m. be continued to April 23, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: _____      By: _____
                                                                        Honorable Edward M. Chen
                                                                        United States Magistrate Judge

3

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 3:07-cv-04839-EMC
#34836 v1